The Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HORIZON AIR INDUSTRIES, INC., a Washington corporation,<br><br>           Petitioner,<br><br>    v.<br><br>AIRLINE PROFESSIONALS ASSOCIATION, TEAMSTERS LOCAL 1224<br><br>           Respondent. | No. 2:13-cv-681<br><br>PETITION TO VACATE ARBITRATION AWARD |

## **INTRODUCTION**

Horizon Air Industries terminated First Officer Brian Milam because he failed a random drug test which established that he served as a co-pilot on at least two flights with marijuana in his system. He used marijuana up to three times per week for at least six months. Milam is the first Horizon pilot to have a positive drug test since Horizon started testing employees in 1989. Horizon is not willing to place an impaired pilot back in the cockpit. Indeed, doing so would violate federal law and contravene a well-settled public policy prohibiting a pilot from flying while using drugs. Yet, the System Board of Adjustment ("SBA") ignored these mandates and, in excess of its authority, ordered reinstatement. Horizon files this Petition to Vacate the SBA's Award and Order.

PETITION TO VACATE ARBITRATION AWARD
(2:13-cv-681) – 1
DWT 21656008v2 0017572-000175

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# PETITION TO VACATE ARBITRATION AWARD

## I.   PARTIES

1.   Horizon Air Industries, Inc. ("Horizon") is a Washington corporation, with its corporate headquarters in Seatac, Washington.  Horizon is a federally regulated "common carrier by air" within the meaning of the Railway Labor Act, 45 U.S.C. Sections 151 and 181.  Horizon employs pilots and other employees who either reside or are domiciled in the State of Washington.

2.   Defendant, Airline Professionals Association, Teamsters Local 1224 ("the Union") is a labor union that represents pilots of Horizon, including Brian Milam ("Milam"), who is a resident of the State of Washington.  Horizon files this Petition to vacate an arbitration award resulting from an arbitration before the Horizon Air Pilots' System Board of Adjustment that occurred on September 11, 2012 near SeaTac International Airport that was initiated by the Union.  The Union represented Milam at the arbitration.

3.   Horizon and the Union are parties to a Collective Bargaining Agreement ("CBA") effective December 14, 2010, which was negotiated by the parties in the State of Washington.  A true and correct copy of the CBA, including relevant policies incorporated by reference therein, is attached to this Application as Exhibit 1.

## II.   JURISDICTION

4.   This Court has subject matter jurisdiction to review and vacate the award pursuant to the Federal Arbitration Act, 9 U.S.C. Section 10, and the Railway Labor Act, 45 U.S.C. Sections 153 and 184.

PETITION TO VACATE ARBITRATION AWARD
(2:13-cv-681)  – 2
DWT 21656008v2 0017572-000175

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

5. This Court has jurisdiction over the Union. The Union engages in regular, sustained, substantial and continuous business activity in the State of Washington. The Union represents approximately 188 Washington-based pilots in connection with negotiating collective bargaining rights, administering the CBA, receiving and processing grievances, advising on contract rights, representing them in arbitrations, and generally representing their interests in exchange for dues that are collected from pilots as a result of their employment in Washington and wages received in Washington.

6. Venue is appropriate in this Court. Horizon and the Union regularly hold meetings at Horizon's offices near SeaTac International Airport in Washington to discuss and negotiate significant matters related to the Union's representation of Washington pilots. Meetings to negotiate the collective bargaining agreements have occurred in Washington State. On information and belief, one of the Union's Executive Committee members, Captain Dan Johnston, resides in Washington. This Court is a convenient forum for Horizon and the Union.

### III.   FACTUAL BACKGROUND

7. Milam was an employee of Horizon. He was hired by Horizon in 2004 as a commercial airline pilot. As a First Officer pilot, Milam's primary duties were to assist the Captain with flight preparation and operation of the aircraft, including assuming command of the aircraft in the event the captain were to become unable to perform his or her duties, performing preflight inspections of the aircraft to ensure all safety and operating systems are working properly, supervising servicing of the aircraft, communicating with air traffic control unit during take-off, flight and landing, and manipulating the controls of the aircraft during flight.

PETITION TO VACATE ARBITRATION AWARD
(2:13-cv-681) – 3
DWT 21656008v2 0017572-000175

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

8.     According to federal regulations, First Officers like Milam must obtain a second-class airman medical certificate annually. To be eligible for a second-class airman medical certificate, an individual must have had no substance abuse within the preceding 2 years. Federal regulations define "substance abuse" to include "a verified positive drug test result."

9.     On November 4, 2011, Milam submitted to a random drug test upon his aircraft landing at Seattle-Tacoma International Airport from his round trip flight to Redmond, Oregon. After providing his specimen, Milam served as the First Officer on a flight from Seattle to Spokane. He then "came to his senses" when "the gravity of what had just happened" hit him, and he called in sick, removing himself from service.

10.    In the six months preceding his November 2011 drug test, Milam admitted using marijuana one to three times a week. From April 2011 through November 2011, Milam flew as the First Officer on flights with multiple segments on 84 days.

11.    State laws in Washington and Oregon prohibit operation of airplanes while under the influence of marijuana and require employers to prevent illegal drug use that affects workplace safety.

12.    Federal law imposes a duty upon air carriers to "provide service with the highest possible degree of safety in the public interest."

13.    As a common air carrier, Horizon is regulated by the Federal Aviation Administration ("FAA") and the U.S. Department of Transportation ("DOT"). The FAA and DOT both require that air carriers drug test employees who perform safety-sensitive functions to help prevent accidents and injuries resulting from the use of prohibited drugs or the misuse of alcohol.

PETITION TO VACATE ARBITRATION AWARD
(2:13-cv-681) – 4
DWT 21656008v2 0017572-000175

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

14. In addition to setting forth procedures for drug testing, FAA regulations prohibit pilots from performing flight crewmember duties with "prohibited drugs," as defined by federal regulations, in their system.

15. Federal regulations define "prohibited drug" to include marijuana metabolites.

16. Horizon complies with the FAA/DOT drug-testing mandate through its Integrated Drug and Alcohol Program ("IDAP"), which is incorporated by reference into the CBA.

17. Pursuant to the IDAP, "the use, sale, purchase, transfer, possession or presence in one's system of any controlled substance (except medically prescribed drugs) by any safety sensitive employee while on company premises, engaged in company business, operating company equipment, or while under the authority of Horizon Air is strictly prohibited. Disciplinary action will be taken as necessary, up to and including termination."

18. The IDAP provides a safe harbor to employees who voluntarily admit alcohol misuse or controlled substance abuse prior to performing a safety-sensitive function, so long as the employee does not perform a safety-sensitive function until he has been evaluated and rehabilitated.

19. Milam did not come forward to voluntarily report his marijuana use, nor did Milam request that Horizon assist him with his drug abuse.

20. The IDAP states that after an employee has had a positive drug test result, that employee will only be offered a last chance agreement if such an agreement is "consistent with [Substance Abuse Professional] recommendations and a review of company records supports retention of the employee as being in the best interest of Horizon Air." It states, "If the SAP

PETITION TO VACATE ARBITRATION AWARD
(2:13-cv-681) – 5
DWT 21656008v2 0017572-000175

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

does not recommend retention and/or company records do not support retention, the employee will be terminated."

21. In addition to the IDAP, and pursuant to its rights under the CBA, Horizon has a Personnel Policy entitled "Illegal Drug Use and Alcohol Misuse" ("Policy No. 35"). Policy No. 35 states, "Except in cases where rehabilitation assistance is offered to benefit the Company as described below, any employee who is detected by the Company: 1) to be an illegal drug user; or 2) to have misused alcohol, will be discharged."

22. The CBA includes a provision stating, "[T]he right to determine the qualifications… for specific positions; the right to suspend, demote, discipline, and discharge employees for cause; the right to establish standards of performance and to determine whether any individual meets such standards; the right to establish, eliminate, amend and require Employees to observe Company rules and regulations; … shall be the right, solely and exclusively of Company."

23. The specimen that Milam provided during the random drug test on November 4, 2011 tested positive for marijuana. Milam is the first and only Horizon pilot to fail a drug test since Horizon started testing employees in 1989.

24. Milam did not provide Horizon with reliable attendance. In June 2010, Horizon conducted an attendance audit, and determined that Milam was one of 12 pilots out of 650 who had used 200% of their accrued sick leave. Following the audit, in July 2010, Milam's supervisor, Seattle Assistant Chief Pilot Gordon Smith ("Smith") coached Milam regarding his reliability and addressed his excessive use of sick leave. Smith noted this coaching in Horizon's electronic file that documents aspects of an employee's performance ("POSSUM").

PETITION TO VACATE ARBITRATION AWARD
(2:13-cv-681) – 6
DWT 21656008v2 0017572-000175

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

25. In or about late summer 2011, Horizon conducted another attendance audit, and determined that Milam had used the most sick leave of any of Horizon's pilots for the period June 6, 2010 through May 21, 2011. On September 2, 2011, Smith noted in POSSUM that Horizon intended to issue Milam a "written verbal warning" based on his unreliable attendance.

26. Between October 2008 and his termination in November 2011, Milam never provided Horizon with a full month of scheduled flying.

27. Horizon was notified of Milam's positive test result on November 14, 2011.

28. As Milam's supervisor, Smith was familiar with Milam's employment record.

29. In evaluating whether to terminate Milam for violation of the IDAP, Smith reviewed Milam's POSSUM file and, with knowledge of Milam's job performance, considered whether retaining Milam would benefit the Company. Smith concluded that retaining Milam would not be in the best interests of the Company, due to the seriousness of his offense and his reliability issues.

30. Smith met with Milam on November 21, 2011. Counsel for the Union attended the meeting by telephone. Smith told Milam and the Union's counsel that there was an option under FAA/DOT regulations and the IDAP to have a testing of a split specimen to confirm the original drug test finding. Milam responded there was no need to do so and declined additional testing.

31. Horizon terminated Milam's employment on November 21, 2011. At no time prior to, or after, his termination did Milam request assistance from Horizon with respect to his drug use.

32. The Union submitted a grievance on Milam's behalf pursuant to the CBA on November 23, 2011.

PETITION TO VACATE ARBITRATION AWARD (2:13-cv-681) – 7
DWT 21656008v2 0017572-000175

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

33. On September 11, 2012, the grievance was heard by the Horizon Air Pilots' System Board of Adjustment: Neutral Arbitrator Cliff Freed, Union Board Member Larry Freer and Company Board Member Daniel Scott ("the Board").

34. On February 11, 2013, the Board issued an Opinion and Order ("Award") finding that Milam's termination was justified because "Milam violated not only Horizon's drug and alcohol policy, he also violated a trust that exists between Horizon and its customers, who depend upon Horizon pilots to ensure their safety as they are transported from place to place." A true and correct copy of the Award is attached to this Application as Exhibit 2.

35. The Board found that "[Milam's] positive drug test alone is a violation of the IDAP and constitutes a basis for termination," and that "Milam's attendance was a legitimate and glaring deficiency in his employment history."

36. Notwithstanding these findings, the Board refused to enforce the IDAP solely because Horizon failed to complete an exhaustive review of all company records before deciding to terminate his employment. The Board ordered Horizon to reinstate Milam to his same position subject to a Last Chance Agreement and other conditions.

## IV.   GROUNDS FOR RELIEF

37. The Award may not be enforced because reinstatement of Milam despite his disregard for passenger safety and conduct of duties while under the influence of marijuana is contrary to public policy.

38. The Board failed to confine itself to matters within its jurisdiction by disregarding the stipulated issue and the specific requirements of the CBA, including but not limited to Personnel Policy No. 35 and the IDAP, which require termination under these circumstances and issuing a decision that is contrary to those unambiguous provisions.

PETITION TO VACATE ARBITRATION AWARD
(2:13-cv-681) – 8
DWT 21656008v2 0017572-000175

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1 | WHEREFORE, Horizon prays for relief as follows:

2 | 1. An order vacating the Board's Award, discussed above; and

3 | 2. For such other and further relief as the Court may deem just and proper.

4 | DATED this 16th day of April, 2013.

Davis Wright Tremaine LLP
Attorneys for Petitioner Horizon Air Industries, Inc.

By _____
Mark A. Hutcheson, WSBA #1552
Lawton H. Humphrey, WSBA #21013
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: 206-622-3150
Fax: 206-757-7700
E-mail: markhutcheson@dwt.com
E-mail: lawtonhumphrey@dwt.com

PETITION TO VACATE ARBITRATION AWARD
(2:13-cv-681)  – 9
DWT 21656008v2 0017572-000175

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

CERTIFICATE OF SERVICE

I hereby certify that on 16th day of April, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher S. Peifer
Barkan Meizlish LLP
250 E. Broad St., 10th Floor
Columbus, OH  43215
(614) 744-2350
cpeifer@barkanmeizlish.com

By _____
       Margaret C. Sinnott

PETITION TO VACATE ARBITRATION AWARD
(2:13-cv-681) – 10
DWT 21656008v2 0017572-000175

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax